UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

*********************************************************************

| | | |
|---|---|---|
| WILSON BONESHIRT, | * | CIV 05-3006 |
| | * | CR 02-30018 |
| Petitioner, | * | |
| | * | ORDER AND OPINION DENYING |
| -vs- | * | MOTION TO VACATE |
| | * | AND ORDER DENYING |
| UNITED STATES OF AMERICA, | * | CERTIFICATE OF APPEALABILITY |
| | * | |
| Respondent. | * | |

*********************************************************************

Petitioner pleaded guilty to incest and was sentenced to 180 months imprisonment on December 10, 2002. He appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit. His conviction and sentence were affirmed on January 26, 2004. Petitioner has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner contends that he received ineffective assistance of counsel in the following respects: (1) his plea was not knowing and voluntary because his sentence was based on facts that were not charged in the superseding information nor admitted to by defendant in violation of Blakely v. Washington, 124 S.Ct. 2531 (2004), (2) that his plea was not knowing and voluntary because his sentence was in excess of the maximum sentence established by state law and state sentencing procedures were not followed, (3) that counsel failed to interview a witness who would have provided exculpatory evidence, and (4) that his attorney failed to raise on appeal that his sentence was based upon facts not set forth in the superseding information nor admitted to by the defendant.

(1) Blakely.

The United States Supreme Court held in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), that other than a prior conviction, facts used to enhance a sentence must either be admitted to by the defendant or submitted to the jury and found beyond a

reasonable doubt. The United States Supreme Court applied the rule in <u>Apprendi</u> in <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), striking down a Washington determinate sentencing guidelines scheme. In <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the <u>Apprendi</u> rule was applied to the Federal Sentencing Guidelines. The rule "announced in <u>Booker</u> does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." <u>Never Misses A Shot v. United States</u>, 413 F.3d 781, 783-84 (8th Cir.2005). Petitioner cannot succeed on his first claim for relief.

(2) <u>Maximum Sentence</u>.

Petitioner contends that his sentence was in excess of the state law statutory maximum for incest. 18 U.S.C. § 1153(a), the Indian Major Crimes Act, prohibits incest by an Indian in Indian country. Incest is not defined and punished by federal law and is therefore defined and punished in accordance with South Dakota law. Pursuant to SDCL § 22-22-1(6) (2000), incest is a Class 3 felony.[1] Class 3 felonies are punishable by up to 15 years in custody. SDCL § 22-6-1(5) (2000).[2] Petitioner was sentenced to 180 months custody, that is, 15 years custody.

State sentencing procedures were not followed. Petitioner was charged in federal court and this court followed federal court procedures. Petitioner cannot succeed on his first claim for relief.

(3) <u>Failure to Interview Witnesses</u>.

Petitioner claims counsel failed to interview a witness who would have provided exculpatory evidence. Petitioner's waiver of his Constitutional right to insist the charges against him be tried to a jury can only be waived by a guilty plea that is "voluntary" and "intelligent." <u>Bousley v. United States</u>, 523 U.S. 614, 618, 118 S.Ct. 1604, 1609, 140 L.Ed.2d 828 (1998)

---

[1]The South Dakota Criminal Code was revised in 2005. SDCL § 22-22-1(6) was repealed, SD Legis 120 § 390 (2005). Incest was recodified at SDCL § 22-22A-2 (incest, a Class 5 felony) and SDCL § 22-22A-3 (aggravated incest, a Class 3 felony). SD Legis 120 §§ 20, 21 (2005).

[2]The 2005 revision to the South Dakota Criminal Code revised this section. The penalty for a class 3 felony is now set forth at SDCL § 22-6-1(6). SD Legis 120 § 148 (2005).

2

(*citing* Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970)). The United States Supreme Court has set forth the standard as to voluntariness:

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

Brady, 397 U.S. at 755, 90 S.Ct. at 1472. Petitioner was fully advised of the consequences of pleading guilty and I found on the record at the plea hearing that his plea was voluntary. Nothing in the motion to vacate or the supplement thereto shows otherwise.

A plea is intelligently made where the petitioner "was advised by competent counsel, he was made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties." Brady, 397 U.S. at 756, 90 S.Ct. at 1473.

> Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted . . . The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

Brady, 397 U.S. at 756-57, 90 S.Ct. at 1473. Petitioner contends that there was evidence available which would have exculpated him. He faults counsel for not investigating that. Petitioner's guilty plea waived this claim. The Supreme Court has stated that habeas corpus relief functions "to assure that no man has been incarcerated under a procedure which creates an impermissibly large risk that the innocent will be convicted." Bousley, 523 U.S. at 620, 118 S.Ct. at 1610. Petitioner admitted at least three times at his plea hearing that he was guilty.

Pursuant to Fed. R. Crim. P. 11(b)(1), a plea is intelligent where the Court determines that the defendant understands his constitutional rights, that a guilty plea waives those rights, the

3

nature of the charges, and the maximum possible penalties that may be imposed. I personally addressed petitioner in open court and carefully determined that petitioner understood all those matters. Petitioner's allegations as to ineffective assistance of counsel in failing to interview a witness do not detract from the finding that his plea was intelligently entered. Fed. R. Crim. P. 11(b)(2) requires that a plea be voluntary. I determined, based upon the petitioner's sworn testimony, that his plea did not result from force, threats, or promises (other than promises in a plea agreement). Petitioner's allegations as to ineffective assistance of counsel in failing to interview a potential witness do not affect the determination as to the voluntariness of his guilty plea. Fed. R. Crim. P. 11(b)(3) requires that there be a factual basis for the plea. I determined that there was a factual basis for the guilty plea. Petitioner admitted twice under oath that everything in the factual basis statement was true. Petitioner's allegations as to ineffective assistance of counsel in failing to interview a potential witness do not affect the determination that there was a factual basis for the guilty plea. Only ineffective assistance of counsel claims which affect the voluntary and intelligent nature of the plea would be cognizable in a case where the defendant has entered a guilty plea. Petitioner cannot succeed on his third claim for relief.

(4) Ineffective Assistance of Counsel on Appeal.

Petitioner contends that his counsel was ineffective in failing to raise on appeal that his sentence was based upon facts that were not charged in the superseding information nor admitted by the defendant. This is, in essence, a claim that counsel failed to raise his Blakely/Booker claim on appeal.

Petitioner's notice of appeal was filed on December 17, 2002. Blakely was announced on June 24, 2004. Booker was announced on January 12, 2005. Counsel is not ineffective for failing to anticipate that Apprendi would be applied to strike the mandatory federal sentencing guidelines scheme. See Brown v. United Sates, 311 F.3d 875, 878 (8th Cir.2002).

5. Evidentiary Hearing.

The district court must hold an evidentiary hearing on a § 2255 motion which presents factual issues. United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980). However, a § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because

4

they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). No evidentiary hearing is necessary in this matter because it plainly appears from the face of the motion that the petitioner is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Accordingly,

IT IS ORDERED that petitioner's motion to vacate, set aside, or correct sentence is denied.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motion. No certificate of appealability will be granted. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

Dated this 27th day of October, 2006.

BY THE COURT:

CHARLES B. KORNMANN
U.S. District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
                    DEPUTY
(SEAL)

5